Milligan, J.,
delivered the opinion of the court:
This cause was instituted under the act of March 12,1863, providing for the collection of captured and abandoned property; and it is now submitted to us on the claimant’s demurrer to the defendant’s second special plea; the demurrer to the plea of the statute of limitations having been, during the argument, withdrawn, with leave to reply. The plea under consideration is *63 predicated outlie 2d section of tlie act of Congress approved July 27,1868, and is in substantial conformity to tbe language of tbe act. It avers tbat tbe claimant is an alien, and therefore prohibited from prosecuting bis action against tbe United States. Tbe plea is, in all respects, formal, and free from, technical objections; and, if true, by tbe plain terms of tbe statute is a complete bar to tbe action.
Tbe effect of tbe demurrer, resting as it always does upon no matter collateral to tbe pleading which it opposes, is to admit .that tbe facts alleged in the plea are true; and therefore tbe only question for tbe court is, whether, assuming such facts to be true, they sustain tbe case of tbe party by whom they are alleged. No other question is before us, and none other can be, in tbe present aspect of this record considered. Tlie treaty with Hanover, and tbe rights of tbe subjects of tbat government to maintain this action, -which was rebed on in argument, cannot tlius collaterally be drawn into consideration. We can loolc to nothing but tbe face of tbe plea, and, by the well-established rules of pleading, determine nothing but the sufficiency, in point of law, of the substance of tbe matter of tbe jilea to which tbe demurrer is opposed.
Objection, however, is taken to tbe sufficiency of the plea, because it does not in terms negative tbe exception contained in tbe proviso of tbe second section of tbe act of July 27,1868. Tbe body of this section in the most emphatic terms denies tbe right of aliens to prosecute an action or suit, on account of any act done, or omitted to be done, under any of tbe acts of Congress therein mentioned, or any other acts relative to tbe insurrectionary States, or to persons or property therein, against tbe United States; and requires tbe defendants, in all such cases, to plead and allege tbe claimant’s alienage as a bar to such suit or action. Upon this general enacting clause of tbe section tlie following proviso is engrafted: “Tbat tins section shall not be construed so as to deprive aliens who are citizens or subjects of any government which accords to citizens of tbe United States tbe right to prosecute claims against such government in its courts, of tbe privilege of prosecuting claims against tbe United States in the Court of Claims, as now provided by law.”
Under this proviso it is argued, as a ground of demurrer, tbat tbe plea should have negatived tbe exception in tbe sav *64 ing clause of tbe section. Tbe section, it will be observed, is not witbin tbe enacting clause of tbe act, but in tbe proviso; and in sucb a case tbe rule, as laid down in Dwarris’s Treatise on Statutes, 515, is as follows: “There is a known distinction in tbe law between an exception in tbe purview of tbe act and a proviso. If there be an exception, in the enacting clause of tbe statute, it must be negatived in pleading; a separate proviso need not; and that, although it is found in tbe same section of tbe act, if it be not referred to and engrafted on tbe enacting clause. ‘The rule is,’ said Mr. Justice Asburst, in Spiers v. Parker, ‘ that any man who will bring an action for a penalty on an act of parliament, must show himself entitled under tbe enacting clause; but, if there be a subsequent exemption, that is matter of defence, and tbe other party must show it, to exempt himself from tbe penalty.’ Mr. Justice Bullersaid: ‘I do not know any case for a penalty on a statute, when there is an exception in tbe enacting clause, that tbe plaintiff must not show that tbe party whom be sues is not witbin it.’ So, in a criminal case, Lord Mansfield said: What comes by way of proviso in a statute must be insisted on for tbe purposes of defence by tbe party accused; but when exceptions are in the enacting part of tbe law, it must in the indictment charge that tbe indictment is not witbin any of them.’ ”
This doctrine of tbe English courts, although resting somewhat on technical grounds, is believed to be founded on solid reason, and in no substantial sense repugnant to the American doctrine, (see 1 Kent’s Com., 462-463, margin, and authors by him cited,) and when opposed to this case is conclusive of tbe only objection urged to tbe sufficiency of tbe plea. Tbe plea we think a good one, in substance and in form, and tbe demurrer must, therefore, be overruled and tbe petition dismissed.